

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 29, 2023

**BY ECF**
Hon. Vincent L. Briccetti
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re:     *Lost Lake Holdings LLC et al. v. Town of Forestburgh et al.*,
>          22 Civ. 10656 (VLB)

Dear Judge Briccetti:

The United States respectfully submits this letter in response to the Court's Order of March 28, 2023 (the "Order"), in turn prompted by the filing of a Statement of Interest pursuant to 28 U.S.C. § 517 on March 27, 2023 (the "Statement"). The Order provides that "AUSA Kennedy is directed to write to the Court explaining in detail the basis for his decision to submit the attached unsolicited letter [the Statement] and why he felt it was appropriate to take sides in a matter in which the government is not a party."

The Order begins by noting that "there is no indication in the letter that the Attorney General asked an assistant U.S. attorney in this district to submit arguments." The authority of the Attorney General in civil rights matters, including in "housing" matters, is delegated to the Assistant Attorney General for Civil Rights (the "AAG") pursuant to 28 C.F.R. § 0.50(a). *See* 28 C.F.R. § 50(a) ("enforcement of all Federal statutes affecting civil rights, including . . . housing . . . [is] assigned to, and shall be conducted, handled, or supervised by, the Assistant Attorney General, Civil Rights Division."); *see also United States v. City of Philadelphia*, 838 F. Supp. 223, 228 (E.D. Pa. 1993) (noting that the Attorney General has "delegated authority to enforce the Fair Housing Act" to the "Assistant Attorney General for Civil Rights") (citing 28 C.F.R. §§ 0.13 and 0.50), *aff'd*, 30 F.3d 1488 (3d Cir. 1994).

The filing of the Statement was coordinated with the Civil Rights Division of the Department of Justice, which reviewed and approved the Statement. The signature block has been updated accordingly to reflect this coordination. The Justice Department regularly submits Statements of Interest to federal courts, consistent with Section 8-2.170 of the Justice Manual, which provides that:

> C.  Statements of Interest in District Courts. The Department of Justice is
> authorized under 28 U.S.C. §§ 516 and 517 to file statements of interest in federal
> court cases in which the United States has an interest. The Assistant Attorney
> General for the Civil Rights Division, or his or her designee, may approve the

filing of a statement of interest. If a United States Attorney's Office identifies a
case in which it believes that filing a statement of interest would be appropriate,
the Office should contact the appropriate Section Chief in the Civil Rights
Division to discuss sending a recommendation to the Assistant Attorney General
for the Civil Rights Division, or his or her designee, for approval of participation.

*See* https://www.justice.gov/jm/jm-8-2000-enforcement-civil-rights-civil-statutes#8-2.170.
Notably, the Justice Manual also provides that amicus participation may be appropriate in cases
"which involve the interpretation of a civil rights statute" or "which raise issues that could
significantly affect private enforcement of the statutes the Civil Rights Division enforces," *id.*
¶ A, both of which apply in this circumstance. As to the division of labor in handling such
matters, Section 8-2.100 of the Justice Manual provides that: "The United States Attorney's
Office and the Civil Rights Division may work together, as appropriate, on these investigations
and any resulting litigation. Division of responsibilities is determined on a case-by-case basis."

Attorneys from both the Civil Rights Division and the U.S. Attorney's Office identified
this lawsuit as raising significant issues of discrimination upon the basis of religion similar to
those litigated from time to time by the Department under the Fair Housing Act, 42 U.S.C.
§ 3601 *et seq.* (the "FHA"), and the Religious Land Use and Institutionalized Persons Act, 42
U.S.C. § 2000cc-2 ("RLUIPA"). *See, e.g.*, *United States v. Village of Airmont*, 20 Civ. 10121
(NSR) (AEK) (RLUIPA suit pending); *United States v. Village of Suffern*, 06 Civ. 7713 (WWE)
(RLUIPA Consent Decree entered June 16, 2010); *United States v. Village of Airmont*, 05 Civ.
5520 (LAK) (FHA Consent Decree entered May 9, 2011); *LeBlanc-Sternberg v. Fletcher*, 104
F.3d 355 (2d Cir. 1996) (FHA judgment). The Government has a strong interest in robust
enforcement of the FHA and RLUIPA, both in ensuring that standing under them is as broad as
the courts have recognized, and in ensuring that unmeritorious ripeness arguments do not
obstruct the Government's own enforcement efforts.

As to the Court's question as to why it would be "appropriate to take sides in a matter in
which the government is not a party," pursuant to 28 U.S.C. § 517, this Office routinely files
Statements of Interest providing its views of the law. The Government does not seek to "take
sides"; the Statement serves only to highlight the importance of these issues to the Government
and provide the Government's view of the law. Judges in this district routinely accept
submissions from the United States under such circumstances, even when the United States is
not a party:

▪    *Nat'l Coalition on Black Civic Participation v. Wohl*, 20 Civ. 8668 (VM), 2023 WL
     2403012, at *1 (S.D.N.Y. Mar. 8, 2023) (noting filing of Statement of Interest pursuant to
     § 517; statement was filed in conjunction with the Voting Rights Section of the Civil
     Rights Division and not solicited by the Court);

▪    *The City of New York v. Arm or Ally, LLC*, 22 Civ. 5525 (JMF) (S.D.N.Y. dkt. no. 64)
     (Statement of Interest filed October 6, 2022, pursuant to § 517; statement was filed in

Letter to the Hon. Vincent L. Briccetti
March 29, 2023
page 3 of 6

conjunction with multiple sections of the Department of Justice and the Eastern District of New York; submission was not solicited by the Court but the Court approved the scheduling of the filing);

▪ *Disability Rights New York v. City of New York*, 22 Civ. 4493 (ER) (S.D.N.Y. dkt. no. 53) (Statement of Interest filed October 5, 2022, pursuant to § 517; statement was filed in conjunction with the Disability Rights Section of the Civil Rights Division and not solicited by the Court);

▪ *John Does 1 through 7 v. The Taliban, et al.*, 20 Misc. 740 (KPF), 03 Civ. 9848 (GBD) (S.D.N.Y. dkt. no. 563) (Statement of Interest filed February 11, 2022, pursuant to § 517; statement was filed in conjunction with the Federal Programs Branch and not solicited by the Court);

▪ *FG Hemisphere Associates LLC v. Democratic Republic of the Congo*, 19 MC 232 (JPO) (S.D.N.Y. dkt. no. 41) (Statement of Interest filed December 17, 2021, pursuant to § 517; statement was filed in case implicating United States foreign policy interests and while statement was not solicited, leave to submit statement with an extension for more time was requested and approved by the Court);

▪ *Fantasia v. Montefiore New Rochelle*, 19 Civ. 11054 (VLB) (S.D.N.Y. dkt. no. 57) (Statement of Interest filed September 10, 2021, pursuant to § 517; statement was filed in conjunction with the Disability Rights Section of the Civil Rights Division and not solicited by the Court);

▪ *Am. Council of the Blind of New York v. City of New York*, 18 Civ. 5792 (PAE) (S.D.N.Y. dkt. no. 150) (Statement of Interest filed February 23, 2021, pursuant to § 517; statement was filed in conjunction with the Disability Rights Section of the Civil Rights Division and not solicited by the Court);

▪ *M.G. v. Cuomo*, 19 Civ. 639 (CS) (AEK) (S.D.N.Y. dkt. no. 161) (Statement of Interest filed February 12, 2021, pursuant to § 517; statement was filed in conjunction with the Disability Rights Section of the Civil Rights Division and not solicited by the Court);

▪ *In re: Application of Evison Holdings Limited*, 20 MC 246 (LTS) (S.D.N.Y. dkt. no. 36) (Statement of Interest filed December 18, 2020, pursuant to § 517; statement was filed in case implicating United States foreign policy interests and while statement was not solicited, leave to submit statement with an extension for more time was requested and approved by the Court);

▪ *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. dkt. no. 927) (Statement of Interest filed August 13, 2019, pursuant to § 517; statement concerned False Claims Act and was not solicited by the Court);

Letter to the Hon. Vincent L. Briccetti
March 29, 2023
page 4 of 6

- *Herman Ortiz v. Todres & Company, LLP*, 15 Civ. 1506 (LGS) (SDA) (S.D.N.Y. dkt. no. 134) (Statement of Interest filed September 14, 2018, pursuant to § 517; statement concerned False Claims Act and was not solicited by the Court);

- *National Fair Housing Alliance et al. v. Facebook*, 18 Civ. 2689 (JGK) (S.D.N.Y. dkt. no. 48) (Statement of Interest filed August 17, 2018, pursuant to § 517; statement was filed in conjunction with the Housing and Civil Enforcement Section of the Civil Rights Division and not solicited by the Court);

- *United States ex rel. JDJ & Associates LLP v. Natixis, et al.*, 15 Civ. 5427 (PKC) (S.D.N.Y. dkt. no. 62) (Statement of Interest filed February 17, 2017, pursuant to § 517; statement concerned False Claims Act case where the United States declined intervention and was not solicited by the Court);

- *United States ex rel. Wood v. Allergan, Inc.*, 10 Civ. 5645 (JMF) (S.D.N.Y. dkt. no. 78) (Statement of Interest filed October 19, 2016, pursuant to § 517; statement concerned False Claims Act case where the United States declined intervention and while statement was not solicited, leave to submit statement with an extension for more time was requested and approved by the Court);

- *Williams v. City of New York*, 12 Civ. 6805 (VEC) (S.D.N.Y. dkt. no. 69) (Statement of Interest filed February 25, 2015, pursuant to § 517; statement was filed in conjunction with the Disability Rights Section of the Civil Rights Division and not solicited by the Court);

- *Eccleston v. Pine Bush Central Sch. Dist.*, 12 Civ. 2303 (KMK) (PED) (S.D.N.Y. dkt. no. 67) (Statement of Interest filed on January 24, 2014, pursuant to § 517; statement was filed in conjunction with the Educational Opportunities Section of the Civil Rights Division and while statement was not solicited, leave to submit statement with an extension for more time was requested and approved by the Court);

- *In re Hawker Beechcraft, Inc. / United States ex rel. Minge et al. v. Hawker Beechcraft Corp.*, 13 MC 373 (PKC) (S.D.N.Y. dkt. no. 28) (Statement of Interest filed January 21, 2014, pursuant to § 517; statement concerned False Claims Act case where the United States declined intervention and was not solicited by the Court).

Multiple reported cases note the filing and acceptance of Statements of Interest filed by the United States pursuant to 28 U.S.C. § 517:

- *Martinez v. Republic of Cuba*, 149 F. Supp. 3d 469, 470 (S.D.N.Y. 2016) (noting filing of Statement of Interest by the United States);

Letter to the Hon. Vincent L. Briccetti
March 29, 2023
page 5 of 6

- *Koumoin v. Ki-Moon*, 16 Civ. 2111 (AJN), 2016 WL 7243551, at *3 (S.D.N.Y. Dec. 14, 2016) (noting filing of Statement of Interest by the United States);

- *Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189, 194-95 (2d Cir. 2014) (noting filing of Statement of Interest by the United States);

- *Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 596 (S.D.N.Y. 2013) (noting filing of Statement of Interest by the United States);

- *Noel v. New York City Taxi & Limousine Commission*, 837 F. Supp. 2d 268, 269-70 (S.D.N.Y. 2011), *vacated and remanded*, 687 F.3d 63 (2d Cir. 2012) (noting filing of Statement of Interest by the United States);

- *Freund v. Republic of France*, 592 F. Supp. 2d 540, 545 (S.D.N.Y. 2008), *aff'd sub nom. Freund v. Societe Nationale des Chemins de fer Francais*, 391 F. App'x 939 (2d Cir. 2010) (noting filing of Statement of Interest by the United States);

- *Fisch v. Republic of Poland*, 07 Civ. 7204 (LAP), 2009 WL 4030823, at *1 (S.D.N.Y. Nov. 20, 2009) (noting filing of Statement of Interest by the United States).

Courts have recognized the availability of Statements of Interest pursuant to 28 U.S.C. § 517 to allow the United States, as the representative of the public and a co-equal branch of government, to offer its perspective. "The statute plainly confers upon the Attorney General broad discretion in his decision to dispatch government lawyers 'to attend to *any* . . . interest of the United States.' 28 U.S.C. § 517 (emphasis added)." *Hall v. Clinton*, 285 F.3d 74, 80 (D.C. Cir. 2002); *see United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 833 n.6 (6th Cir. 2018) (rejecting dissent's criticism that the United States, through its *amicus* participation, had "tak[en] only a limited position in this case" because "[t]he legislative branch has created the scheme that gives the executive branch the ability to 'attend to the interests of the United States,' 28 U.S.C. § 517, as it—not we—may choose."); *City of New York v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 377 n.17 (2d Cir. 2006) ("We note that the United States did not *on its own initiative* file a statement of interest, *as it might have done, pursuant to 28 U.S.C. § 517*.") (emphasis added), *aff'd and remanded*, 551 U.S. 193 (2007); *In re Terrorist Attacks on Sept. 11, 2001*, 122 F. Supp. 3d 181, 187 n.8 (S.D.N.Y. 2015) ("The Executive Branch is authorized to submit a statement of interest in state or federal court. *See* 28 U.S.C. § 517."); *Pravin Banker Assocs., Ltd. v. Banco Popular del Peru*, 895 F. Supp. 660, 667 (S.D.N.Y. 1995) ("It is the prerogative of the executive branch to intervene, pursuant to 28 U.S.C. § 517, when significant United States interests may be affected by the outcome of a particular action."), *aff'd*, 109 F.3d 850 (2d Cir. 1997).

As a result, courts have found that 28 U.S.C. § 517 "contains no time limitation and does not require the Court's leave," and "have generally denied motions to strike statements of interest." *Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017) (citing

Letter to the Hon. Vincent L. Briccetti
March 29, 2023
page 6 of 6

*Alvey v. Gualtieri*, No. 15-1861, 2016 WL 6071746, at *2 (M.D. Fla. Oct. 17, 2016) (denying motion to strike United States' statement of interest because it was timely, not redundant, and provided the "valuable perspective" of the Justice Department); *Ferrand v. Schedler*, No. 11-926, 2012 WL 1247215, at *1–2 (E.D. La. Apr. 13, 2012) (denying motion to strike United States' statement of interest and noting that "the United States has broad discretion to attend to any interests of the United States"); *see also Creedle v. Gimenez*, No. 17-22477-CIV, 2017 WL 5159602, at *2 n.2 (S.D. Fla. Nov. 7, 2017) ("There is no dispute between the parties that the Government is statutorily entitled to file a statement of interest.").

Accordingly, the Government respectfully requests that the Court accept the Statement filed March 27, 2023.

Thank you for your consideration of this matter.

Respectfully,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

DAMIAN WILLIAMS
United States Attorney
Counsel for the United States

By:     */s/ David J. Kennedy*
DAVID J. KENNEDY
Assistant U.S. Attorney
Tel. No.: (212) 637-2733
E-mail: david.kennedy2@usdoj.gov

cc:     All counsel of record, by ECF