# Exhibit E



TOWN OF FORESTBURGH
332 King Road
Forestburgh, New York 12777

Tel. (845) 794-0611
Fax (845) 794-0678

October 7th, 2021

Steven Barshov
SIVE, PAGET, Riesel
500 Lexington Ave.
New York, NY 10022

Mr. Barshov,

The Town of Forestburgh Buildings Department (Department) is in receipt of your October 5, 2021 letter / submission regarding the Lot 303 application. Regarding your September 13, 2021 and September 20, 2021 submissions and the Department's September 30, 2021 response thereto, to the extent that you believe your prior statements have been mischaracterized, I will restate them as follows:

    1. We acknowledge receipt for applicant's check in the amount of $ 1075.00 for payment of building permit application fees.

    2. That Applicant has acknowledged that it has "entered into contracts for the construction of both the required water supply and sewage systems. The goal is to have both systems installed and in operation by mid-summer 2022."

    3. That Applicant has acknowledged that "No certificate of occupancy will be requested for the home to be constructed until the water and sewer systems to serve the home are operational."

    4. That Applicant has acknowledged that the "intended use of the structure to be built is for residential purposes . . .".

Regarding Applicant's October 5, 2021 letter / submission, the Department hereby acknowledges:

    1. Receipt of a letter purported to be from Orange & Rockland Utilities dated October 19, 2020.

    2. Confirmation that the correct building lot in question is S/B/L 3.C-6-3 (Lost Lake Lot # 303) and not Lot # 282 as you previously indicated.

1

3. Applicant's "confirmation that the plans reviewed by the Architectural Control Committee are for the lot circled in red on the attached Tax Map."

4. Applicant's confirmation that "the review of the building plans by the Architectural Control Committee was pursuant to the Declaration and Design Guidelines as revised in 2021."

Please be advised that the Department has requested that its consultant Bergmann Associates perform a review of Applicant's Lot 303 application, including all supplemental submissions and response provided to date, for consistency with the Planning Board's approval parameters and requirements. A copy of the October 5, 2021 Bergmann Associates Memorandum (Bergmann Memo) is attached and incorporated herein. Based on the consultant's review, Applicant's Lot 303 application remains incomplete for the following reasons:

1. Provide support / authority as to how the Lost Lake Project site plan and subdivision approval authorizes construction of a residential dwelling without the necessary infrastructure (e.g. sanitary sewage disposal system, potable water, electric service, roads) as discussed in the Bergmann Memo section A (1) – (4);

2. Provide an Erosion and Sediment Control Plan as discussed in the Bergmann Memo, section A (5);

3. Provide incomplete and missing information as detailed in the Bergmann Memo, section B (1) – (3);

4. Provide incomplete and missing information in the Affidavit of Intent as detailed in the Bergmann Memo, section C (1) (a);

5. Provide an explanation as to why Applicant submitted an undated Notarized Affidavit without the principal's signature as detailed in the Bergmann Memo, section C (1) (b);

6. Provide incomplete and missing information in the Electrical System Affidavit detailed in the Bergmann Memo, section D (1) (a) – (b);

7. Provide an explanation as to why Applicant submitted an undated Notarized Affidavit attesting that the electrical system for proposed construction "has been wired and installed according to and in compliance with all National Electric Code" and that "a New York State or equivalent out of state agency has made a final electrical inspection and that the inspection was approved" when a building permit has yet to be issued and construction has presuming not started (Bergmann Memo, section D (1) (c) – (d));

8. Provide incomplete and missing information in the Affidavit of Exemption for Workers Compensation and Insurance Coverage Form as detailed in the Bergmann Memo, section E (1) (a) – (b);

9. Provide an explanation as to why Applicant submitted an undated Notarized Affidavit of Exemption for Workers Compensation and Insurance Coverage Form as identified in the Bergmann Memo, section E (1) (c);

10. Provide incomplete and missing information for the proposed construction plans as detailed in the Bergmann Memo, section F (1) – (17);

11. Provide information necessary to show conformity with the 2013 "Lost Lake Resort Design Guidelines for Single-Family Homes" as detailed in the Bergmann Memo, section G (1), or provide support / authority as to why Applicant is not required to adhere to said standards;

12. Provide information necessary to show conformity with Green Building Design guidelines as detailed in the Bergmann Memo, section G (2);

13. Provide information necessary to show conformity with LEED certification standards as detailed in the Bergmann Memo, section G (3), or provide support / authority as to why Applicant is not required to adhere to the requirements of the "Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort Development" (2013);

14. Provide support / authority as to why the Architectural Control Committee is authorized to undertake review of the building plans "pursuant to the Declaration and Design Guidelines as revised in 2021" and not the 2013 Design Guidelines and the 2013 Declaration of Reservations that was previously approved by the Planning Board.

15. Provide information necessary to show conformity with the floor space and garage requirements as detailed in the Bergmann Memo, section G (4);

16. Provide information necessary to show conformity with the adopted exterior requirements as detailed in the Bergmann Memo, section G (5) – (9), (11), and (12);

17. Provide information regarding stormwater management and conveyance to stormwater facilities for the buildings lot as detailed in the Bergmann Memo, section G (10).

Please submit all supplemental information responsive to the above within 30 days of the date of this letter. If you need more time, please provide a written request. If Applicant's consultants needs further clarification on the above items, the Department will arrange a meeting between the Applicant's and Department's consultants and officials.

Respectfully,

*[signature]*

Glenn A. Gabbard

Forestburgh Code Enforcement Officer

3

c.

D.S. Hogue Jr., Town Supervisor
C. Amaditz ZBA Chair
R. Robbins, Planning Board Chair
J. Afzali, Esq.

**BERGMANN**
ARCHITECTS ENGINEERS PLANNERS

**MEMO**

To: Glenn Gabbard, Building Inspector

From: Chuck Voss, AICP
Senior Project Manager

Date: 10/05/21

Re: Lost Lake – Building Permit Application Review

## Lost Lake Resort PDD – 974 Cold Spring Road, Forestburgh, NY

### Proposed Residential Building Permit Request Review

Mr. Gabbard,

As per your request Bergmann Associates has conducted a review of the following information associated with the residential building permit application submitted on behalf of Lost Lake Holdings, LLC ("Applicant"):

- Town of Forestburgh Application for Building and Zoning Permit for Lot 303 - 3C 6-3, Lenape Drive;

- Town of Forestburgh Building Department Affidavit of Intent Form;

- Town of Forestburgh Building Department Electrical System Affidavit of Completion Form;

- Affidavit of Exemption of Workers Compensation Insurance Coverage Form;

- Lost Lake Resort Plot Plan for Tax Lot 3C 6-3, Lot 303, dated June 14, 2021, prepared by Berger Engineering and Surveying PLLC;

- Lost Lake Resort Proposed Single Family Model 2000 Design Plans, dated June 6, 2021, prepared by Hartman Design;

- Applicant Correspondences / Supplements-

    o Steven Barshov, Esq. to Building Inspector dated August 17, 2021;

    o Steven Barshov, Esq. to Building Inspector dated September 13, 2021

    o Steven Barshov, Esq. to Building Inspector dated September 20, 2021; and

    o Steven Barshov, Esq. to Building Inspector dated October 1, 2021.



2 Winners Circle, Suite 102   TEL 518.862.0325
Albany, NY 12205   www.bergmannpc.com



In addition, the following documents were reviewed in support of this building permit application review and analysis:

- The official, adopted "Lost Lake Resort Design Guidelines for Single-Family Homes", dated September 23, 2013;

- The official, adopted "Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort and Development", dated September 23, 2013;

- The adopted Lost Lake Resort SEQRA Findings Statement, prepared by C.T. Male Associates, P.C., dated May 18, 2011;

- "Lost Lake Resort Design Guidelines for Single-Family Homes", revised September 2021; and

- "Amended and Restated Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort and Development", dated September 2, 2021.

Based on our review of the above information, we offer the following comments for your consideration:

**Primary Issues**

1) Based on information provided by the Applicant, and on recent (August, 2021) field inspection, there appears to be little to no functioning utilities on site for the Phase I development. This would include: no functioning/inspected/approved sanitary sewage disposal system; no functioning/inspected/approved potable water supply; limited electrical infrastructure, and limited road improvements. A primary condition set forth in the adopted SEQRA "Findings Statement" and the "Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort Development" is that all site infrastructure improvements for Phase I (and all subsequent phases) are to be completed, inspected, approved, and deemed operational by the Town prior to issuance of any building permits. It would appear that these conditions have not be met to date.

2) The existing road infrastructure for Phase I appears to be incomplete. Only a portion of the Phase I road network has been improved with a binder coat of asphalt and rough drainage swales. Some stormwater management practices are in place and appear to be functioning. We recommend that the entire Phase I road network and associated drainage systems be improved before any building permits be issued to ensure adequate access for emergency vehicles and for general vehicle access and safety. This should include installing road name signs at all intersections in conformance with Town, County and NYS DOT regulations, in order to allow emergency vehicles and 911 to clearly identify and access specific addresses within the development.



3) As noted above, there appears to be no functioning centralized water supply system to service the Phase I development. This would include non-functioning fire hydrants. While some areas of Phase I appear to have hydrants installed, they were observed to be non-functioning, tilting in some instances, located in drainage swales, and improperly installed in other instances. As such there appears to be little to no fire protection for any Phase I development. We recommend that the entire Phase I fire hydrant system (hydrants, water lines) be improved and/or replaced, inspected and deemed fully functional before any building permits be issued to ensure adequate fire protection and safety.

4) An overall Phase I site plan showing the location of the proposed new home(s) relative to the full Phase I development plan was not provided. Therefore it is difficult to assess where the proposed new home(s) will be located, and whether or not there is adequate utilities in place to serve the home(s) or adequate access to allow emergency vehicles.

5) No Erosion and Sediment Control Plan has been provided to the Town for review and approval as required per Section III(43) - Restrictions of the "Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort Development". As such *"No improvement or structure of any nature shall be constructed or alterations made on any Lot until (i) an Erosion and Sediment Control Plan (ESC Plan) has been approved by the applicable town or state agency, or (ii) a determination made that no ESC Plan is required for the contemplated improvements or alterations."*

**Town of Forestburgh Application for Building and Zoning Permit for Lot 303 - 3C 6-3, Lenape Drive**

1) The Building and Zoning Permit form is incomplete and is missing information that must be submitted by the Applicant. Please revise this form and add the following information at a minimum:

   a) Applicant should be the property owner or provide signed / notarized owner's consent in accordance with Town of Forestburgh Code § 68-4 [D].

   b) The Zoning Specification section of the form is incomplete. Please revise;

   c) Include a contact name, address and phone number for the primary Applicant and all additional related builders working on the project;

   d) The Building and Zoning Permit Form is unsigned and undated. Please revise;

2) Several of the Building Specifications noted on the form do not comply with the adopted Lost Lake Resort Design Guidelines for Single-Family Homes as detailed below.

3) The Application does not contain construction documents (drawings and/or specifications) in conformance with Town of Forestburgh Code §§ 68-4 [D] [5] and [E].

**<u>Town of Forestburgh Building Department Affidavit of Intent Form</u>**

1) The Affidavit of Intent form is incomplete and is missing information that must be submitted by the Applicant. Please revise this form and add the following information:

   a) Name of Owner, Date, Signature;

   b) The Affidavit is signed and stamped by a Notary without a principal's signature. The Notary authorization is also missing the date the Notary signed and the county in which it was signed. This issue will be referred to the Town Attorney for legal review.

**<u>Town of Forestburgh Building Department Electrical System Affidavit of Completion Form</u>**

1) The Electrical System Affidavit of Completion Form is incomplete and is missing information that must be submitted by the Applicant and/or is premature. Please revise this form and add the following information:

   a) Name of the Homeowner;

   b) Name of Inspecting Body, Date, Name of Affiant;

   c) The Notary authorization is missing the date the Notary signed and the county in which it was signed. This issue will be referred to the Town Attorney for legal review;

   d) The Affiant has attested the electrical system for proposed construction "has been wired and installed according to and in compliance with all National Electric Code." Affiant has also attested that "a New York State or equivalent out of state agency has made a final electrical inspection and that the inspection was approved." Our understanding is that an electrical system has not been installed or obtained final approval. This issue will be referred to the Town Attorney for legal review.

**<u>Affidavit of Exemption of Workers Compensation Insurance Coverage Form</u>**

1) The Affidavit of Exemption of Workers Compensation Insurance Coverage Form is incomplete and is missing information that must be submitted by the Applicant. Please revise this form and add the following information at a minimum:



a) Check the appropriate box at the top of the form;

b) Homeowners, Name, Date, Phone Number and correct property address;

c) The Notary authorization and stamp is missing the date the Notary signed and the county in which it was signed. This issue will be referred to the Town Attorney for legal review.

**Lost Lake Resort Plot Plan for Tax Lot 3C 6-3, Lot 303**

1) The proposed Plot Plan is not in conformance with Town of Forestburgh Code § 68-4 or the Site Planning Guidelines found in the "Lost Lake Resort Design Guidelines for Single-Family Homes" as adopted in 2013 and approved by the Town.

2) The proposed Plot Plan is incomplete and is missing an overall plan showing the entire Phase I development area and the specific location of proposed Lot 303 within that Phase I development area.

3) The proposed Plot Plan is missing utility information such as the location of all existing and proposed utility lines and connection points for Sewer, Water, Electrical, Stormwater management, and Telecommunications.

4) Provide schematic details of any/all utilities interconnection points and fittings.

5) Provide a detail of any/all stormwater management facilities on or in proximity to the proposed lot 303 site.

6) The proposed Plot Plan is missing any/all utility and drainage easement information.

7) The proposed Plot Plan appears to be missing accurate road location(s) data and right-of-way information.

8) It is difficult to discern where the "common areas" are in Phase I that will be improved and maintained by the Lost Lake Property Owners Association as outlined in Recitals, Section C of the "Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort Development" as adopted in 2013 and approved by the Town. All common areas should be clearly shown on the Phase I (and all subsequent phases) site plan.

9) Clearly Identify all lots on the Phase I Plot Plan that are to be considered "special Lots" as per Section A, Page 14 of the Site Plan Guidelines.



10) Identify whether or not Lot 303 is to be considered a property with special setback considerations as per Section A of the Site Plan Guidelines? If so it is subject to additional setback requirements.

11) The proposed Plot Plan is missing a maximum site density coverage calculation for Lot 303, as required by Section B of the Site Plan Guidelines.

12) The proposed Plot Plan does not show the areas of disturbance as required by Section C of the Site Plan Guidelines. This should include location of existing trees to be retained on site during and after construction in conformance with Section III(39) - Restrictions of the "Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort Development". Minimal tree clearing is required under the Design Guidelines.

13) Show the location(s) of any fences and walls (including retaining walls) on the lot.

14) Provide an overall landscape plan as required by Section A of the Landscape guidelines.

15) Show the location(s) of both the Preserve Zone and the Transition Zone on all proposed lots as required by Section B & C of the Landscape Guidelines.

16) Provide information on the proposed Lenape Drive streetscape design(s) in proximity to proposed lot 303, as required by Section J of the Landscape Guidelines.

17) Show the location of a central mail facility/kiosk to serve the residents of Phase I.

**Lost Lake Resort Proposed Single Family Model 2000 Design Plans**

1) The general design, architectural style and layout of the proposed home(s) appears to be inconsistent with the overall design theme found on Page 5 of the Design Guidelines, and with the Architectural Guidelines found on Page 8 of the 2013 "Lost Lake Resort Design Guidelines for Single-Family Homes" that has been adopted and approved by the Town. Specifically, the building positioning on the lot cannot be determined to be in conformance with these guidelines without a clear lot site plan showing the location of existing trees and natural features that must be incorporated into the lot development; the proposed building design is not representative of *"mountain architectural forms, from summer lake cottages to high country ranch and alpine buildings"*; based on information provided in the permit application there appears to be little to no use of *"noble materials of surrounding mountain stone, wood, and rustic patina metals"*; based on information provided in the permit application there appears to be little to no use of detailed craftsmanship found in mountain architecture through the use of *"shingles, board and batten siding, heavy planks, chinked timbers, and siding with varied sizes and profiles... Timber trusses, beams, rafters, and corbel braces..."*; there appears to be a lack of porches and roof patterns as



expressed in these guidelines; and the building design appears to lack a "Catskill Mountain region" design theme.

2) Application fails to demonstrate conformance with the Green Building Design guidelines found on page 6 of the 2013 Design Guidelines.

3) Application fails to demonstrate compliance with Section III(1) - Restrictions of the "Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort Development" (2013) requiring first level of LEED certification.

4) Application fails to demonstrate how the proposed home is in compliance with the floor space and garage requirements set forth in Section III(6)(a&b) - Restrictions of the "Declaration of Reservations, Covenants, Easements, Restrictions and Conditions for the Lost Lake Resort Development" (2013).

5) Applicant must provide a detailed list of all exterior finish materials to be used on the proposed home. This should include details for all windows, doors, porches, trim, moldings, facia, soffits, roofing materials, etc. In addition provide details for all exterior foundation wall treatments.

6) The proposed home designs incorporate vinyl siding. Vinyl siding is explicitly prohibited by the Design Guidelines.

7) Applicant must revise the home designs to include any/all structures that may protrude through the roof or be located on the roof area of the proposed home.

8) Applicant must show the location (wall mounted or ground mounted) of any exterior equipment such as electrical generators, air conditioner condenser units, solar panels, etc., on each house site.

9) Applicant must show where garbage receptacles will be stored or enclosed on site in the absence of any garages.

10) Applicant must show how stormwater is to be managed for all proposed new buildings on each lot, and how it is to be conveyed to appropriate stormwater management facilities.

11) Applicant must provide details on the colors and textures of materials to be used on the exterior of all new proposed buildings.

12) Applicant must provide details on any/all exterior lighting proposed for all new buildings.

LOST LAKE PERMIT REVIEW 

If you have any questions or would like further clarification on any comments made herein please don't hesitate to contact me directly.

Best Regards,

Chuck Voss, AICP
SENIOR PROJECT MANAGER, BERGMANN ASSOCIATES