# Exhibit G

# SIVE | PAGET | RIESEL

**STEVEN BARSHOV**
DIRECT DIAL: 646.378.7229
SBARSHOV@SPRLAW.COM

November 12, 2021

BY EMAIL

Hon. Daniel S. Hogue, Jr. Supervisor
Mr. Glenn A. Gabbard, Code Enforcement Officer/Building Inspector
Town of Forestburgh
332 King Road
Forestburgh, N.Y. 12777

Re:   Lost Lake Building Permit Application

Sirs:

Jack Gold, my client's representative, attended the Town Board meeting on November 4, 2021. At that the Town Board meeting statements were made by or on behalf of members of the Town Board that funds have been disbursed from or charged to the escrow account established in connection with the Lost Lake project (the "Lost Lake Escrow") for the purpose of paying Bergmann Associates and the law firm of Harris Beach regarding matters pertaining to the review of the building permit application filed with the Building Department this past summer. When Mr. Gold asked what services were rendered justifying disbursement from or charge to the Lost Lake Escrow, Mr. Gold was informed during the public meeting that the expenditures were for services rendered to advise the Town of Forestburgh of its rights.

I write to inform you that:

(1) the Town has no legal authority to charge against or disburse from the Lost Lake Escrow for any services, including legal fees, so the Town can "ascertain its rights" or anything similar;

(2) the Town has no right to charge against or disburse from the Lost Lake Escrow without first informing me and my client in writing of the charges proposed to be charged or disbursed;

(3) the Town has failed to comply with the provisions of the Town Code which purport to authorize the Town to collect reimbursement for consultant expenses in connection with a building permit application; and

(4) regardless of the Town's failure to comply with its own Code, the Town Code provisions authorizing collection and reimbursement for such consultant expenses is in plain violation of law and, if it is attempted to be applied to my client, then litigation will be filed to have the relevant Town Code provisions declared unlawful, null, and void.

November 12, 2021
Page 2 of 5

### The Town Cannot Lawfully Require an Applicant to Pay for
### Consulting Services Obtained by the Town to Inform the Town of its Rights

Multiple courts have held explicitly that consulting services, including legal services, obtained so a local government board or official is informed of the board's or officials rights under the law are not chargeable to or required to be paid by an applicant, including a building permit applicant. *See Jewish Reconstructionist Synagogue of the North Shore, Inc. v. Incorporated Village Of Roslyn Harbor* ("*Jewish Reconstructionist*"), 40 N.Y.2d 158 (1976); *Wright v. Town of LaGrange* ("*Wright*"), 181 Misc.2d 625 (Sup. Ct. Dutchess Cty. 1999); and *Sheri Torah, Inc. v. Village of South Blooming Grove* ("*Sheri Torah*") Index No. 13428-2009 (Sup. Ct. Orange Cty. 2010) (Decision and Order dated 7/1/10 attached).

In *Jewish Reconstructionist*, the New York Court of Appeals held that applicants cannot be charged for expenses incurred by a municipality in connection review of an application unless such expenses are reasonable and necessary. *Id.* at 163 (holding that "when the power to enact fees is to be implied, the limitation that the fees charged must be reasonably necessary to the accomplishment of the statutory command must also be implied.") Similarly, in *Sheri Torah*, the Village of South Blooming Grove attempted to force applicants to pay whatever legal and consulting services the Village incurred in connection with a land use application. The Court held that legal and consultant fees, which are conveniences to the reviewing board and not a necessary expenditure, are not recoverable. *Sheri Torah*, Decision and Order at 3. *See also Wright*, 181 Misc. at 634-35 (holding that legal consulting costs advising at town of its rights are not reasonable and necessary expenses chargeable to an applicant).

Thus, whatever consultant costs or fees, including legal fees, incurred by the Town to advise it of its rights are not payable by my client. Accordingly, payment for such services cannot be made from or charged to the Lost Lake Escrow.

### The Town Has No Right to Charge to or Withdraw Funds From
### the Lost Lake Escrow Without Prior Written Notice to My Client

The Town has no authority to incur consultant costs and legal fees and to charge those fees to the Lost Lake Escrow and pay consultants and attorneys from the Lost Lake Escrow without informing my client in advance and in writing. The Lost Lake Escrow is not a slush fund that the Town can expend at will, for any consultant costs it chooses to incur, and without giving advance written notice to my client. As successor to the original developer of Lost Lake, the Town is holding my client's funds in escrow. If the Town intends to charge consultant fees and expenses to the Lost Lake Escrow and pay fees and expenses from it, then it must first notify my client, provide a copy of the invoice for the consultant fees and expenses that are to be charged to and paid from the Lost Lake Escrow, and provide an explanation showing that the expense is one, that in addition to recoverable from my client, is one covered by the specific escrow in question. To be crystal clear, the Town cannot use an escrow established in connection with the Planning Board's subdivision review process and apply that to consultant fees and expenses which the Town may incur in connection with the review of my client's building permit application.

SIVE, PAGET & RIESEL P.C. | 560 LEXINGTON AVENUE | NEW YORK, NY 10022 | 212.421.2150 | WWW.SPRLAW.COM

November 12, 2021
Page 3 of 5

To date my client has received nothing from the Town – not a single invoice, not even notice of which consultant costs and fees are to be charged to the Lost Lake Escrow and paid from it. If payment has been made from the Lost Lake Escrow for any consultant costs and attorney's fees, demand is hereby made for such funds to be immediately returned to the Lost Lake Escrow and a full accounting delivered to my client, via me.

The Town Has Failed to Comply With Town Code § 68-16

Town Code § 68-16 provides as follows:

> (1) The Code Enforcement Officer is hereby empowered to charge an applicant the expense for professional fees incurred by the department for professional fees which are incurred as a result of professional work required to be done on behalf of the Code Enforcement Officer as a result of the filing of an application seeking approval or the approval of any construction.
>
> (2) Professional services. Such professional services shall include, but not be limited to, architects, attorneys, engineers for services rendered in connection with the above.
>
> (3) The professional involved, who will be hired at the request of the Code Enforcement Officer, will submit a statement setting forth the nature of services performed, the date such services were rendered, the time spent thereon (if such services are rendered on a timed basis) and the name of the party rendering such services. A voucher or other bill rendered to the Town and paid by the Town shall be deemed a fee statement in full compliance with this section.

In this next section of this letter, I cite the authority for the fact that Town Code § 68-16 is unlawful and unenforceable. Putting that aside for the moment, the Town has failed to comply with it, even as written. No statement(s) for consultant services have been delivered to my client. Indeed, my client has no idea of the amounts incurred. The Town cannot bypass the process set forth in Town Code § 68-16 and simply charge the expenses incurred to the Lost Lake Escrow and pay consultants fees from that fund.

Failure to comply with Town Code § 68-16 deprives my client of the right to dispute the fees by commencing an Article special proceeding, which is expressly authorized by the Town Code:

> (6) Disputed fees. Any applicant who disputes any fee statement presented to him may bring a proceeding in the Supreme Court of the State of New York, in and for the County of Sullivan, pursuant to Article 78 of the Civil Practice Law and Rules of New York, within 30 days after presentation of such disputed fee statement. The commencement of such a proceeding shall not stay the obligation of

FILED: SULLIVAN COUNTY CLERK 04/08/2022 11:49 AM
NYSCEF DOC. NO. 49
INDEX NO. E2022-321
RECEIVED NYSCEF: 04/08/2022

Case 7:22-cv-10656-VB   Document 84-7   Filed 06/01/23   Page 5 of 6

November 12, 2021
Page 4 of 5

the applicant to pay any fee statement presented to him pursuant to this chapter.

Thus, demand is made for delivery immediately of a statement of any and all consultant fees incurred by the Town in connection with the pending building permit application that the Town has determined are to be charged to my client. Any funds so expended from the Lost Lake Escrow must be returned and a statement for each set of consultant fees and expenses must be presented to my client via delivery to me. Those statements must contain the items listed in Town Code § 68-16(3). My client reserves the right to pay any such consultant fees under protest and to commence an Article 78 special proceeding to challenge the imposition of such consultant fees and expenses.

Town Law § 68-16 is Unlawful

The law is crystal clear that a local law adopted by a municipality to cause it to be reimbursed for consultant fees and expenses incurred in connection with review of a land use application, including but not limited to a building permit application, **must** contain appropriate standards and limitations to assure that only reasonable and necessary consultant expenses are incurred. The decisional law in New York requires that requirement to be written into the municipality's code and prohibits an open-ended imposition of consultant fees and expenses. *See Jewish Reconstructionist, supra.*

Indeed, in *Sheri Torah*, the Court struck down a local law requiring reimbursement of all consultant fees and expenses incurred by the Village because the local law contained no limitation requiring only reasonable and necessary consultant costs and expenses to be incurred. Thus, the Court in *Sheri Torah* declared that "the portion . . . of the Village Code . . . which permits the Village to pass along to . . . applicants . . . counsel fees incurred by the Village in connection with the underlying applications is hereby annulled. . .". *Sheri Torah* Decision and Order at 5. The *Sheri Torah* Court further ordered that "any such counsel fees assessed . . . against the escrow funded by Sheri Torah shall be credited back to said escrow fund. . .". *Id.*

No municipality has the power to adopt a code provision which imposes potentially unlimited consultant costs and expenses, and which leaves to the unfettered discretion of the Town's consultants what services to perform and what costs to incur. That is exactly what the Town Code allows, and it is plainly unlawful. *See Jewish Reconstructionist, Wright, and Sheri Torah, supra. See also Cimato Bros., Inc. v. Town of Pendleton,* 237 A.D.2d 883 (4th Dept. 1997) (striking down a local law with the same defects as Town Code § 68-16) and *Up State Tower Co., LLC v. Town of Southport, New York,* 412 F.Supp.3d 270 (W.D.N.Y. 2019).

If the Town attempts to collect consultant fees and expenses pursuant to Town Code § 68-16, my client will pay under protest and in addition to commencing an Article 78 special proceeding to obtain a refund of such expenses, litigation will be commenced to declare unlawful Town Code § 68-16.

In addition to the above, this letter is a demand for a list of all escrow funds the Town has established for any aspect of the Lost Lake development, the purpose for each, the balance of each,

November 12, 2021
Page 5 of 5

and a complete accounting of all disbursements or withdrawals from each such escrow fund from November 1, 2020 to the present.

And finally, lest there be any ambiguity, whatever legal fees the Town may incur in connection with this letter are not chargeable to or payable from any Lost Lake escrow fund.

Yours truly,

Steven Barshov

cc:  Forestburgh Town Board
     Javid Afzali, Esq.
     Mordechai Halberstam
     Yehuda Miller
     Jack Gold