

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

February 7, 2025

**By ECF**
Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY 10601

        Re:   *Lost Lake Holdings, LLC, et al., v. The Town of Forestburgh, et al.*
              Docket No. 22-cv-10656 (VB)

Your Honor:

      We represent the Defendants. Pursuant to Rule (1)(B) of your Honor's Individual Practices, we write to respectfully request that the Court stay discovery pending decision on their motion to dismiss (ECF 162, 163), by which Defendants seek dismissal of all of Plaintiffs' land use claims under the Second Circuit's holding in *BMG Monroe I, LLC v Vil. of Monroe,* 93 F.4th 595 (2d Cir. 2024) ("*BMG Monroe*"). Plaintiffs seek—and now move to compel—an overwhelming volume of eDiscovery and depositions, (ECF 160), and Defendants oppose the motion. Dismissal of the land use claims would eliminate the need for all this discovery and speed the case to resolution. And a stay pending decision on Defendants' motion to dismiss will conserve substantial time and resources, judicial, private, and municipal. Once the Court decides which claims are justiciable, discovery can proceed efficiently, without waste to taxpayers. Plaintiffs do not consent to the stay.

      There is good cause to stay discovery pending decision on Defendants' motion. District courts have considerable discretion to stay discovery under Federal Rule of Civil Procedure 26(c) during the pendency of a motion to dismiss, for good cause shown. *Vida Press v. Dotcom Liquidators, Ltd.,* No. 22-cv-2044 (HG) (JMW), 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022); *Al Thani v. Hanke*, No. 20-cv-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021); *Republic of Turkey v. Christie's, Inc.,* 316 F. Supp. 3d 675, 677 (S.D.N.Y. July 9, 2018*)*("Federal Rule of Civil Procedure 26(c) allows a court, for 'good cause' and in favor of 'any person from whom discovery is sought,' to 'issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense[.]'") (*quoting* Fed. R. Civ. P. 26(c)(1)); *Chesney v. Valley Stream Union Free School Dist*., *No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. Mar 28, 2006).

      Courts consider several factors in deciding whether to stay discovery, including (1) the strength of the underlying motion, (2) the breadth of discovery, (3) the burden of responding to it, and (4) the risk of prejudice to the opposing party. *Republic of Turkey*, 316 F. Supp. 3d at 677; *Brawer v. Egan-Jones Ratings Co.*, No. 1:24-CV-01895 (AT) (SDA), 2025 WL 19328 (S.D.N.Y. Jan. 2, 2025) (quoting *Country Club of Fairfield, Inc. v. N.H. Ins. Co.,* No. 3:13-CV-00509 VLB, 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014); *Gross v. Madison Square Garden Ent. Corp.*,

SOKOLOFF STERN LLP

Hon. Vincent L. Briccetti
February 7, 2025
Page 2 of 3

No. 23-cv-3380 (LAK) (JLC), 2023 WL 6815052 at *1 (S.D.N.Y. Oct. 17, 2023) (quoting *Republic of Turkey*, 316 F. Supp. 3d at 677). A defendant can meet the first prong by showing "substantial arguments for dismissal." *Gross*, 2023 WL 6815052 at *1 (quoting *O'Sullivan v. Deutsche Bank AG*, No., 17-cv-8709 (LTS)(GWG), 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018); *Lawson v. Rubin*, No. 17-cv-6404 (BMC), 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018). Here, all factors weigh in favor of a stay.

The first factor weighs in Defendants' favor—they have proffered substantial and compelling arguments for dismissal of Plaintiffs' state and federal land use claims. The Second Circuit's holding in *BMG Monroe,* on facts materially identical to the present case, renders Plaintiffs' land use claim non-justiciable and compels their dismissible for lack of subject matter jurisdiction. See ECF 162 at 2-3, 12-16. In *BMG Monroe,* the Hon. Nelson S. Román dismissed the complaint pre-answer for lack of subject matter jurisdiction, holding the developer's claim was not ripe because the developer did not apply to change or vary its approvals/restrictions. And in a published decision, the Second Circuit Court of Appeals sustained the dismissal, holding the developer never obtained a "final decision" to satisfy the familiar ripeness requirement of *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). Since Plaintiffs here never applied to modify their approvals, they have not met this requirement, depriving the court of jurisdiction over their claims, including those under the Fair Housing Act (Counts I, II, II), First and Fourteenth Amendments (Counts IV, V, VI, VII, VIII), Regulatory Takings (Count IX), 42 U.S.C. § 1982 (Count X) and parallel state law claims. If granted, the motion should result in dismissal of all claims against most of the individual Defendants, and dismissal of all claims other than Plaintiffs' discrete claims for trespass.

The second factor also weighs heavily in favor of a stay. Plaintiffs' recent motion to compel discovery (ECF 160) and Defendants' opposition demonstrate the overwhelming volume of discovery Plaintiffs seek. Plaintiffs ask for discovery for nearly two decades of Town work records, with over 30 depositions, 40-plus ESI custodians, and nearly 190 search terms. Plaintiffs seek discovery into all aspects of the Town's planning and zoning work—all officers, boards, and committees; all applications, permits, and enforcement actions; all meetings and communications, both internal and with outside persons, agencies, and counsel. Plaintiffs plan to subpoena and depose past Town officials and committee volunteers, local residents, local private clubs and organizations, and their leaders, and even the Town's legal counsel. In all, it appears Plaintiffs plan to bring about 5% of the Town's 900-person population into this case. And all this, before expert discovery.

The third factor—burden of responding to discovery— weighs especially heavily in favor of a stay because the Defendant Town is a municipality, and the individual Defendants, its officials. In view of Fed. R. Civ. P. 1, courts are mindful of the particularly onerous burden discovery imposes on the limited resources of municipalities. *See Chesney*, 236 F.R.D. at 116; *Short v. City of Rochester*, No. 22-cv-6263 (EAW) (MJP), 2024 WL 4002449 at *7 (W.D.N.Y. Aug. 30, 2024). A stay provides the most efficient manner of proceeding particularly where, as here, cases of this nature are often dismissed at the Rule 12 stage. *See, e.g., Renois v. WVMF Funding, LLC,* No. 20-cv-9281 (LTS) (DF), 2021 WL 1721818 (S.D.N.Y. Apr. 30, 2021); *Boelter v. Hearst Commun., Inc.,* No. 15-cv-3934 (AT), 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016); *20 Dogwood LLC v. Vill.*

SOKOLOFF STERN LLP

Hon. Vincent L. Briccetti
February 7, 2025
Page 3 of 3

*of Roslyn Harbor*, No. 22-cv-4047 (ARR)(LGD), 2023 WL 3571239 (E.D.N.Y. May 19, 2023); *WG Woodmere LLC v. Town of Hempstead*, No. 20-cv-3903 (ARR)(AYS), 2022 WL 17359339, at *1 (E.D.N.Y. Dec. 1, 2022), *appeal withdrawn*, No. 23-64, 2023 WL 2807276 (2d Cir. 2023).

      Here, discovery will be especially complicated and costly—it will divert limited resources of a small municipality, along with a host of municipal staff and decisionmakers, including multiple Town Board members, the Town Supervisor, and the Town Clerk. And it will unnecessarily divert taxpayer dollars, which are not recoverable at the end of this litigation. A stay of discovery will serve to substantially reduce the economic burden of full party discovery. Particularly, in view of the Court's lack of subject matter jurisdiction, as in *Chesney*, "[c]ompliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not be ultimately necessary." *Chesney*, 236 F.R.D. 113 at 116; *O'Sullivan*, 2018 WL 1989585 at *8; *Bandalos v. Stony Brook Univ. Med. Ctr.,* No. 23-cv-0135 (AMD) (JMW), 2024 WL 4276175 at *6 (E.D.N.Y. Sept. 24, 2024).

      Finally, there is no risk of prejudice to Plaintiffs from a short, temporary stay. Defendants' motion to dismiss is straightforward—it presents one argument for dismissal of the majority of Plaintiffs' claims, based on a recent Second Circuit decision that is entirely on point. Moreover, courts have made clear that delay alone does not constitute prejudice to preclude a stay of discovery—even if a stay will result in material delay, it can be "nonetheless prudent to postpone the significant costs of discovery where, as here, the factors weighed in favor of granting the stay." *See Boelter v. Hearst Commc'ns, Inc.*, No. 15-cv-3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (noting that "[e]ach of Defendant's proffered grounds for dismissing the action pose strictly legal questions, and Plaintiff has not demonstrated that discovery is necessary to rebut Defendant's arguments"). The circumstances here require a similar result.

      For these reasons, Defendants request a stay of discovery pending resolution of their motion to dismiss to avoid the unnecessary expenditure of party, municipal, and judicial resources.

      Thank you for your consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

Leo Dorfman

cc: All counsel by ECF