UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOST LAKE HOLDINGS, LLC, et al.

                           Plaintiffs,

    -against-

THE TOWN OF FORESTBURGH, et al.

                           Defendants.

Docket No. 22-cv-10656 (VB)

## *CORRECTED* REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' UNRIPE LAND USE CLAIMS AS NON-JUSTICIABLE

SOKOLOFF STERN LLP
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 240648LI

*of Counsel:*
    Leo Dorfman

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT .................................................................................................................................1

    I.    Defendants' Motion is Timely and Proper Under Rule 12 ...................................1

    II.    Discretionary "Law of the Case" Rule Is No Bar to Dismissal .........................1

    III.    *BMG Monroe* Provides Ample Reason to Revisit and Reconsider the Court's Earlier Ripeness Ruling—The Decision Considered and Rejected All the Arguments Plaintiffs Make for Ripeness ................................................2

        A. The Court's Earlier Ruling is Inconsistent with *BMG Monroe*, Which Reinforces the Requirement That Plaintiffs Seek and Obtain a "Final Decision" Through Application to the Town Board, Their Reluctance Notwithstanding ...................................................................................................2

        B. *BMG Monroe* is Indistinguishable from This Case .......................................4

    IV.    There is No Substance to Plaintiffs' "Futility" Argument .................................6

    V.    The "Final Decision" Requirement Applies with Equal Force to Bar All of Plaintiffs' Land Use Claims ................................................................................8

        A. *BMG Monroe* Compels Dismissal of All As-Applied Claims, Federal and State ...............................................................................................................8

        B. Plaintiffs Have No Facial Challenges .........................................................9

CONCLUSION ..............................................................................................................................11

# TABLE OF AUTHORITIES

Cases                                                                                                                              Page(s)

*Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*,
    88 F.4th 344 (2d Cir. 2023) .................................................................................................. 10

*BMG Monroe I, LLC v. Vill. of Monroe*,
    2022 WL 1094538 (S.D.N.Y. Apr. 12, 2022) ..................................................................... Passim

*DiLaura v. Power Auth. of State of N.Y.*,
    982 F.2d 73 (2d Cir. 1992) ....................................................................................................... 1

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
    282 F.3d 83 (2d Cir. 2002) ....................................................................................................... 4

*Dreher v. Doherty*,
    531 F. App'x 82 (2d Cir. 2013) ................................................................................................ 8

*Goldfine v. Kelly*,
    80 F. Supp. 2d 153 (S.D.N.Y. Jan. 3, 2000) ............................................................................. 5

*Highview Properties D.H.F. Inc. v. Town of Monroe*,
    606 F. Supp. 3d 5 (S.D.N.Y. June 9, 2022) .............................................................................. 5

*In re Aluminum Warehousing Antitrust Litig.*,
    520 F. Supp. 3d 455 (S.D.N.Y. Feb. 17, 2021) ........................................................................ 2

*Islamic Community Center*,
    258 F.Supp3d ........................................................................................................................ 8, 9

*Jujamcyn Theaters LLC v. Fed. Ins. Co.*,
    659 F. Supp. 3d 372 (S.D.N.Y. Mar. 6, 2023) .......................................................................... 1

*Orthodox Jewish Coalition of Chestnut Ridge v. Village of Chestnut Ridge, New York*,
    2021 WL 1226930 (S.D.N.Y. Mar. 31, 2021) .......................................................................... 9

*Pakdel v. City & Cnty. of San Francisco, California*,
    594 U.S. 474 (2021) ................................................................................................................. 6

*Rabbinical Coll. of Tartikov, Inc.*,
    915 F. Supp. 2d 574 (S.D.N.Y. 2013) ................................................................................. 9, 10

*Rabbinical College of Tartikov, Inc. v. Vill. of Pomona*,
    138 F. Supp. 3d 352 (S.D.N.Y. Sept. 29, 2015) ....................................................................... 1

*Rojas v. Berryhill*,
   368 F. Supp. 3d 668 (S.D.N.Y. Mar. 15, 2019) ........................................................................ 1

*RRI Realty Corp. v. Inc. Vill. of Southampton*,
   870 F.2d 911 (2d Cir. 1989) ..................................................................................................... 8

*Sunrise Detox V, LLC v. City of White Plains*,
   769 F.3d 118 (2d Cir. 2014) ..................................................................................................... 4

*Thomas v. Town of Mamakating, N.Y.*,
   2019 WL 1017318, (S.D.N.Y. Mar. 4, 2019) ............................................................................ 1

*Thomas v. Town of Mamakating, New York*,
   792 Fed. Appx. 24 (2d Cir. 2019) ............................................................................................. 4

*Vill. Green at Sayville, LLC v. Town of Islip*,
   43 F.4th 287 (2d Cir. 2022) ................................................................................................. 7, 9

*Virgin A. Airways, Ltd. v. Natl. Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992) ................................................................................................... 1

*Washington v. Glucksberg*,
   521 U.S. 702, 735 ................................................................................................................... 10

Rules

Fed. R. Civ. P. 12(b)(1) and 12(c) ................................................................................................. 1

Fed. R. Civ. P. 12(c) ...................................................................................................................... 1

Rule 12(b)(1) .................................................................................................................................. 1

Rule 12(b)(6) .................................................................................................................................. 1

**ARGUMENT**

I. **DEFENDANTS' MOTION IS TIMELY AND PROPER UNDER RULE 12**

Defendants' partial motion to dismiss for lack of ripeness is timely and proper—Plaintiffs' unripe land use claims are dismissible under Fed. R. Civ. P. 12(b)(1) and 12(c). The Court may properly dismiss the case as unripe under Rule 12(b)(1), as this Court and others in this courthouse have done in other unripe land use cases, with the Second Circuit's approval. *See e.g. Thomas v. Town of Mamakating, N.Y.*, No. 18 CV 4295 (VB), 2019 WL 1017318, (S.D.N.Y. Mar. 4, 2019), *aff'd*, 792 F. App'x 24 (2d Cir. 2019); *BMG Monroe I, LLC v. Vill. of Monroe*, No. 20 CIV. 1357 (NSR), 2022 WL 1094538 (S.D.N.Y. Apr. 12, 2022), *aff'd*, 93 F.4th 595 (2d Cir. 2024) (*"BMG Monroe"*); *Cong. Rabbinical College of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352 (S.D.N.Y. Sept. 29, 2015), *aff'd sub nom. Cong. Rabbinical College of Tartikov, Inc. v. Vill. of Pomona,* 945 F.3d 83 (2d Cir. 2019).

Defendants also move under Fed. R. Civ. P. 12(c), and Plaintiffs raise no procedural objection under that rule. The Court may properly consider and grant the partial "motion for judgment on the pleadings," under Rule 12(c), "under the same standard of review as a Rule 12(b)(6) motion to dismiss." *Jujamcyn Theaters LLC v. Fed. Ins. Co.*, 659 F. Supp. 3d 372, 377 (S.D.N.Y. Mar. 6, 2023); *Rojas v. Berryhill*, 368 F. Supp. 3d 668, 669 (S.D.N.Y. Mar. 15, 2019).

II. **DISCRETIONARY "LAW OF THE CASE" RULE IS NO BAR TO DISMISSAL**

The law of the case doctrine is discretionary and is no bar to Defendants' motion. The doctrine is "admittedly discretionary" and "does not limit a court's power to reconsider its own decision prior to a final judgment." *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992). A court may reconsider an earlier decision for intervening change of controlling law, availability of new evidence, or the need to correct a clear error or injustice. *Id.* (quoting *Virgin A. Airways, Ltd. v. Natl. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (holding that the court

1

did not err in rejecting the law of the case doctrine due to a legitimate ground to support its reconsideration that was cogent and compelling); *In re Aluminum Warehousing Antitrust Litig.*, 520 F. Supp. 3d 455, 482 (S.D.N.Y. Feb. 17, 2021), *aff'd,* No. 21-643, 2023 WL 7180648 (2d Cir. Nov. 1, 2023) (decision by a higher court, while not an "intervening change in law" still justified reconsideration of ruling based on a consequential accreted "body of district court precedents."). Here, the Second Circuit's intervening decision in *BMG Monroe* provides "cogent and compelling" grounds for the Court to revisit its earlier ripeness ruling.

**III.   *BMG MONROE* PROVIDES AMPLE REASON TO REVISIT AND RECONSIDER THE COURT'S EARLIER RIPENESS RULING—THE DECISION CONSIDERED AND REJECTED ALL THE ARGUMENTS PLAINTIFFS MAKE FOR RIPENESS**

   **A. The Court's Earlier Ruling is Inconsistent with *BMG Monroe*, Which Reinforces the Requirement That Plaintiffs Seek and Obtain a "Final Decision" Through Application to the Town Board, Their Reluctance Notwithstanding**

*BMG Monroe* provides ample reason for the Court to revisit and reconsider its earlier ruling on ripeness. While the *BMG* decision does not rewrite the *Williamson* "final decision" requirement, it *does* provide new guidance on how that requirement applies to the specific circumstances of this substantially analogous case. *BMG Monroe* reinforces the need for a "final decision," and it defines what Plaintiffs must do to get a "final decision" under these circumstances: they *must* apply to vary or modify the conditions of approval, if there is an avenue available to do so. *BMG Monroe* at 603 ("We conclude that after the ZBA affirmed the Village Planning Board's finding that BMG's construction plans did not comply with previously agreed-upon conditions, BMG was then required to submit at least one meaningful application for a variance to the Village Planning Board."). In *BMG,* that avenue was an application to the Planning Board, because the Planning Board was the municipal agency that initially imposed the conditions of approval and had the authority to change them. Here, that avenue is the Town Board, which is the entity that initially imposed the conditions of approval and now has the authority—expressed in its recent

2

resolutions—to change those conditions. Until Plaintiffs apply and get a decision from the Town Board, their claims will not be ripe or justiciable under *BMG Monroe*.

The Court's earlier ripeness ruling is inconsistent with *BMG Monroe.* In its pre-*BMG Monroe* ruling, the Court found the parties had "clearly staked out their positions" because "Defendants have … conditioned construction and development approvals on a supplemental environmental review of the project—a review with which plaintiffs contend they have no obligation to comply." *See* ECF 123, pp. 10-11. But, under *BMG Monroe*, disagreement about the need for further review does not create a ripe controversy—*BMG Monroe* explicitly considered and rejected that argument. *BMG Monroe*, 2022 WL 1094538, at *12. So, after *BMG*, it would not be correct to say, as the Court did pre-*BMG*, that "for plaintiffs to seek a variance and return to the Town Board, or apply for project modifications would be a useless and perfunctory exercise." *See* ECF 123, p.10. On the contrary, "to return to the Town Board, or apply for project modifications" is *exactly* what the second Circuit requires. *BMG Monroe* at *603 ("… when BMG departed from the proposed layout and architectural designs attached to the SEQRA Findings, it was required to seek a second variance from the Village's zoning restrictions before proceeding to federal court.").

Notably, disagreement over "obligation to comply" with further review is *never* sufficient to ripen a claim. Plaintiffs cited some District of New Jersey cases to advance this argument. (Pl. Brief, p. 16) but those cases carry no weight in this Circuit, which, absent futility, steadfastly requires a "final decision." In fact, excusing a "final decision" where there is a dispute over "obligation" to seek one would collapse the finality requirement. Plaintiffs in a ripeness dispute always claim they are not obligated to take the next application step—environmental review or otherwise—to obtain a final decision. This is one hallmark of an unripe claim. Plaintiffs cannot sidestep the "final decision" requirement simply by disputing their obligation to obtain one.

3

Two more points on further application: First, there is nothing especially onerous about SEQRA environmental review. It is a routine and necessary part of the development process, and Plaintiff is a sophisticated developer. Second, the review here may well be brief and inexpensive, depending on what modifications Plaintiffs propose, and especially if it's true—as Plaintiffs claim—that they intend to build entirely or largely consistently with past approvals.

### B. *BMG Monroe* is Indistinguishable from This Case

There is no daylight between *BMG Monroe* and this case, and the *BMG* decision itself refutes any effort at a meaningful distinction. For example, Plaintiffs argue their claims are ripe because they are directly challenging Defendants' intentionally discriminatory motivations. Pl. Brief, p. 14-15. But so were the BMG developers, and their discrimination challenge was unripe. *BMG Monroe,* 2022 WL 1094538, at *8 ("… the main premise behind BMG's asserted causes of action is that the Village's adverse actions against BMG were motivated by a discriminatory animus against 'the Hasidic Jewish community.'").

Plaintiffs argue this case is different because, in *BMG Monroe,* plaintiffs were still able to build homes, whereas here Plaintiffs are "completely prohibited from taking any further action." Pl. Brief, p. 20. But this "distinction" makes no difference for ripeness analysis. Ripeness analysis does not turn on whether a developer is "prohibited from taking any further action." On the contrary, lack of a final decision is a common bar to claims by developers who are prohibited from moving forward with their building applications. *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118 (2d Cir. 2014) (claims unripe even where plaintiff lacked approval to build); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83 (2d Cir. 2002) (claims were unripe where plaintiffs' multiple permit applications were either denied or revoked); *Thomas v. Town of Mamakating, New York*, 792 Fed. Appx. 24 (2d Cir. 2019) (unpublished) (challenges to the town's series of decisions that prevented her from building were unripe due to plaintiff

4

failing to obtain a final decision); *Highview Properties D.H.F. Inc. v. Town of Monroe*, 606 F. Supp. 3d 5 (S.D.N.Y. June 9, 2022) (claims unripe where plaintiff's application for exemption from moratorium law was denied); *Goldfine v. Kelly*, 80 F. Supp. 2d 153 (S.D.N.Y. Jan. 3, 2000) (plaintiff, who did not have approvals to develop its property, could not adjudicate its claims due to lack of a final decision).

Plaintiffs also argue that *BMG Monroe* is different because in *BMG* there were actual conditions and mitigation measures that prohibited the permits sought by plaintiff whereas here—according to Plaintiffs—there are no such restrictions on their use of the property. Pl. Brief, p. 21. This is just wrong; it's a misreading of *BMG Monroe*. In *both* cases, the municipality—through its building inspector and ZBA determination—took the position that conditions of approval and built-in mitigation measures prohibited issuance of the permit as sought. *Compare BMG Monroe* BMG Complaint, 20-CV-01357 (NSR), ECF 1, ¶¶116-162 *with* Lost Lake Amended Complaint, ECF 60, ¶¶ 390-396. And in *both* cases, the developer took the position that these conditions were made up, pretextual, and that their building permit applications fully complied with all conditions of approval. *Id.* Just compare the arguments here with these almost identical claims from *BMG*: "The Village then delayed the issuance of building permits for the homes on numerous shifting ground … When that failed, the Village moved the goalposts again, this time denying the permits on plain misinterpretations of the project's SEQRA findings …designed to delay and frustrate construction of the approved Smith Farm subdivision to keep out the Hasidic Jewish community." 20-CV-01357 (NSR), ECF 27-6, p. 1 (BMG Opp. to MTD).

Plaintiffs argue the ZBA's determination of their appeal from the Building Inspector's permit denial is a "final decision." But that is precisely the argument the developer made, and the Second Circuit rejected, in *BMG Monroe*. Like the developer in *BMG Monroe*, Plaintiffs cite

5

*Pakdel v. City & Cnty. of San Francisco, California*, 594 U.S. 474 (2021), to argue for a narrower reading of the ripeness requirement. But *Pakdel* has not changed the ripeness landscape in this Circuit and leaves no reason for this Court to depart from decades of ripeness jurisprudence.

Indeed, *BMG Monroe* distinguished *Pakdel*, observing, "the property owners in [*Pakdel*] had made at least one request for a variance, and 'the relevant zoning agency could no longer grant relief' since the applicable statute of limitations had expired." The Second Circuit found, "in sharp contrast [to *Pakdel*], the Village has never denied a single request for a variance from the Village's and Town's multi-family zoning regulations based on the updated building specifications that BMG sought to use." It also found, "undisputed that the Village Planning Board retains jurisdiction - to this day - to grant such a variance." And so, "it cannot be said that the Village 'is committed to a position' that resembles that of the defendant in *Pakdel*." *Id.* "To the contrary, because 'avenues still remain for the [Village] to clarify or change its decision,' this is a case where BMG's 'failure to properly pursue administrative procedures" does "render [its] claim unripe." *BMG Monroe* at 604, citing *Pakdel* at 2231.

Everything the Second Circuit held for BMG applies with equal force here. The Town Board—to this day—retains jurisdiction to change or vary the conditions of Plaintiffs' approvals. Until Plaintiffs apply to modify the conditions of their approval and obtain a final decision from the Town Board—as in *BMG Monroe*, it cannot be said that "there is no question…about how the 'regulations at issue apply to the particular land in question.'" *Pakdel*, 594 U.S. at 478.

IV. **THERE IS NO SUBSTANCE TO PLAINTIFFS' "FUTILITY" ARGUMENT**

Plaintiffs' "futility" argument is meritless. The Town Board, as the legislative body that approved the Lost Lake development and PDD in the first instance, has broad discretion to alter the terms of conditions of approval. Indeed, as Plaintiffs themselves quote from the ZBA Decision, "because the terms and conditions incorporated into the PDD have the force and effect of law, no

6

one other than the municipal corporation…may modify or amend the terms, restrictions, and conditions in the PDD." *See* Pl. Brief, p. 23; ECF 112-14, p. 30. The Town Board has explicitly invited Plaintiffs to apply for revision/modification. Like the developers in *Vill. Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287 (2d Cir. 2022), Plaintiffs must engage the Town Board in the "give and take negotiation that often resolves land use problems."

There is also no reason to think the Town Board has "dug in its heels" on the application. As *BMG Monroe* makes clear, in line with past precedent, even explicit hostility to the project by the Town Board—if Plaintiff could show some—would not suffice to establish futility. In *BMG Monroe*, Planning Board members who would consider BMG's application said *outright* that they opposed the application: one member stated that he "d[id] not feel the [Planning] [B]oard should depart from the [conditions of the] original approvals," while others stated that they "did not want to change what was approved." *BMG Monroe* at 603. Yet that was insufficient to establish futility. *Id.* Here, Town Board members have said no such thing. They invite Plaintiffs' application.

With no evidence that the Town Board has itself "dug in its heels" Plaintiffs turn to out-of-context statements by *Planning Board* member Richard Robbins. Mr. Robbins has no authority over Plaintiffs' approvals and has never taken any official action on Plaintiffs' property. Plus, the quotes Plaintiffs cite are out of context. In 2015, local news reports and local talk focused a great deal on a corrupt plot by Shalom Lamm, a developer in the Village of Bloomingburg, NY, who sought to obtain approval for a Hasidic-only development. Lamm intentionally corrupted local elections and fraudulently disguised his planned high density residential development as a high-end senior resort/golf course community to obtain approvals.[1] As this Court is aware, Lamm was

---

[1] *See* Joseph De Avila, *A Development Fight in the Catskills*, THE WALL STREET JOURNAL (Aug. 23, 2015, 9:06 PM), https://www.wsj.com/articles/a-development-fight-in-the-catskills-1440378361; Richard J. Bayne, *Developer*

7

charged, convicted, and served time in federal prison for this scheme. *See USA v. Lamm et al.*, 16-CR-00818 (VB). Lamm gave local government officials and residents good cause to be vigilant.

Here, as in *BMG*, Plaintiffs at most express *doubt* that their application would be granted. But "mere doubt that [a variance] application would be [granted] is insufficient to establish futility." *BMG Monroe* at 603, *citing Dreher v. Doherty*, 531 F. App'x 82, 83 (2d Cir. 2013).

## V. THE "FINAL DECISION" REQUIREMENT APPLIES WITH EQUAL FORCE TO BAR ALL OF PLAINTIFFS' LAND USE CLAIMS

### A. *BMG Monroe* Compels Dismissal of All As-Applied Claims, Federal and State

The "ripeness" requirement applies to, and compels dismissal of, *all* of Plaintiffs' "as applied" land use claims. This includes Plaintiffs challenges to *all* interim, non-final decisions affecting Plaintiffs' ability to develop their land, including the stop work order, Town Board resolution, notice for supplemental impact statement, tax assessment, supposed parkland fees increases, and the March 30, 2023 resolution adopting the SEQRA positive declaration.[2] As in *BMG Monroe*, the denial of the building permit and ZBA affirmance, can be resolved by application to the Town Board to modify the conditions of approval, which the Town Board, by its resolutions, has explicitly invited Plaintiffs to pursue. *See* ECF No. 113-2, p. 3, ECF 113-3, p.2. Before Plaintiffs pursue that application, they do not have a final, justiciable decision. *Islamic*

---

*sentenced in Bloomingburg election fraud*, TIMES-HERALD RECORD (Sept. 15, 2017 1:11 PM), https://www.recordonline.com/story/news/crime/2017/09/15/developer-sentenced-in-bloomingburg-election/18801208007/; Joseph Berger, *Builders Tried to Rig a Vote and Take Over Village, U.S. Indictment Says*, THE NEW YORK TIMES (Dec. 15, 2016) https://www.nytimes.com/2016/12/15/nyregion/builders-tried-to-rig-a-vote-and-take-over-a-village-us-indictment-says.html.

[2] Like Plaintiffs' other interim land use claims, their procedural due process claim relating to the conduct of the ZBA hearing relates to an interim, non-final ZBA decision. It is subsumed by the *Williamson* "final decision" requirement and dismissible. Plaintiffs can state no such claim because they have no protected property interest in their permit application. *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989) (no property interest in approval of permit where "Village Code confers wide discretion"). And because the ZBA hearing unquestionably met the constitutional minimum for procedural due process: notice, and an opportunity to be heard. But even if the Court allows this discrete claim to move forward with Plaintiffs' trespass claims, dismissing the others, it will eliminate the need for the vast majority of discovery and speed the case to resolution.

8

*Community Center*, 258 F.Supp3d at 415-16; *Village Green At Sayville, LLC v. Town of Islip*, 43 F.4th 287, 294 n. 4 (2d Cir. 2022); *Orthodox Jewish Coalition of Chestnut Ridge v. Village of Chestnut Ridge, New York*, No. 19-CV-443 (KMK), 2021 WL 1226930 at *9 (S.D.N.Y. Mar. 31, 2021), *on reconsideration,* No. 19-CV-443 (KMK), 2021 WL 3605041 (S.D.N.Y. Aug. 13, 2021).

Plaintiffs argue the "final decision" requirement does not apply to their Fair Housing Act (FHA) claims, (Pls. Brief, p. 13), but it does apply, and the Second Circuit has left no room for doubt: "[an] FHA claim … is not ripe until ... the 'government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.'" *BMG Monroe*, p. 601 (*quoting Vill. Green at Sayville*, 43 F.4th at 294).

And, as argued in Defendants' moving brief, the same ripeness requirement compels dismissal of Plaintiffs' state law land use claims. *See* Def. Brief, pp. 12 and 16 (listing state law claims for Civil Rights (Count XX), tortious interference (Count XXI), and Article 78 (Count XXII)). The "final decision" requirement applies to state law claims. *See Cong. Rabbinical Coll. of Tartikov, Inc.*, 915 F. Supp. 2d 574, 589 (S.D.N.Y. 2013). Plaintiffs cite no contrary case law.

### B.  Plaintiffs Have No Facial Challenges

Plaintiffs argue they have two facial challenges exempt from *Williamson* ripeness: "Town Board's Resolutions….and the increase in the Parks and Playground fee." Pl. Brief, p. 14. But these are not facial challenges; labeling them "facial" does not make them so. Indeed, Plaintiffs have not and do not challenge any Town action "on its face." "A 'facial challenge' to a statute considers only the text of the statute itself," whereas an as-applied challenge "requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual …. of a protected right." *Islamic Community Ctr. for Mid Westchester v. City of Yonkers Landmark Preservation Bd.*, 258 F. Supp. 3d 405, 415 (S.D.N.Y. June 28, 2017), *aff'd*, 742 Fed. Appx. 521 (2d Cir. 2018) (unpublished).

Plaintiffs do not challenge either the Board's Resolutions or the increase in the Parks and Playground fees based "only on the text of the statute itself." Instead, they challenge these as "facially neutral policy … motivated by discriminatory animus." *See* Pl. Brief, p. 14. *See also* ECF 60, p. 20 ¶ 106, p. 28 ¶ 146, p. 29 ¶¶ 156-57, p. 30 ¶¶ 158, p. 47 ¶ 295. And Plaintiffs insist the effects on their land use are unlawful. But a facial challenge is "one that addresses not the application of an ordinance to a particular set of plaintiffs, but the legality of the ordinance itself." *Tartikov*, 915 F.Supp.2d at 611 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 735 n. 24 (1997)). Plaintiffs have simply mislabeled their as-applied challenges as "facial" to avoid dismissal under the *Williamson* "final decision" requirement. But they can't.

Moreover, Plaintiffs lack standing to challenge the Parks and Playground fee law, which, by its terms, did not apply to Plaintiffs.[3] *See* ECF 110, Declaration of Daniel S. Hogue. June 29, 2020. In July 2020, the Planning Board recommended an increase to the Parkland Fee to align with neighboring municipalities. *Id.*, at ¶ 19. While the Town Board ultimately approved the Planning Board's recommendation, the increase in the Parkland fee specifically did not apply to the Lost Lake Resort or Plaintiffs. *Id.*, at ¶ 20. Since they were never subject to the law, Plaintiffs can't challenge it, facially or otherwise. *Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*, 88 F.4th 344, 352 (2d Cir. 2023) (cleaned up) (for standing, "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... traceable to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court.'")

---

[3] The Court can take judicial notice of the Town Code, which is publicly available at https://ecode360.com/34604460#34604455.

**CONCLUSION**

Defendants request that this Court dismiss all of Plaintiff's land use claims, which include Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XII, XIII, XIV, XV, XVI, XIX, XX XXI, and XXII, and all claims against Defendants Town of Forestburgh, Town of Forestburgh Town Board, Town of Forestburgh Zoning Board of Appeals, Steve Budofsky, Susan Parks-Landis, Karen Ellsweig, Vincent Galligan, and Richard Robbins, with such other relief as this Court may deem just, equitable, and proper.

Dated: Carle Place, New York
March 24, 2025

SOKOLOFF STERN LLP
*Attorneys for Defendants*

By:  Leo Dorfman
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
Our File No. 230108